**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Allen Grodevant, et al., | No. CV-21-02190-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Joseph R. Biden, et al., | |
| Defendants. | |

Pending before the Court is *pro se* Plaintiff Robert Grodevant's ("Plaintiff")[1] "request for injunction," in which Plaintiff asserts that Defendant Twitter Incorporated ("Twitter") deleted one of Plaintiff's tweets and requests that Twitter "be ordered to unrestrict Plaintiff's Twitter account." (Doc. 4.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 24. A preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Plaintiff's one-page motion does not establish any of these factors. Rather,

---

[1] Although there are two *pro se* Plaintiffs in this action, Robert Allen Grodevant and Katherine Lee Grodevant, the pending motions appear to have been brought by Robert Grodevant only.

Plaintiff merely states in conclusory fashion that Twitter's removal of his tweet denied him his "constitutional and civil rights." (Doc. 4.) Plaintiff has done little to establish likelihood of success on the merits and has done nothing to establish that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. The request is denied without prejudice.[2]

Also pending is Plaintiff's filing entitled "correspondence," which has been docketed as a motion. (Doc. 8.) Plaintiff asserts that his "prior address" was "managed by travelingmailbox.com," which "destroyed or otherwise tampered with correspondence" addressed to the Court. (*Id.* at 1.) Plaintiff "leave[s] it at the discretion of the Court" to "have travelingmailbox.com charged with federal offenses" or to have it "held in contempt of court and/or sanctioned for destroying the court's mail" and states that Plaintiff has reported the alleged tampering to the Federal Bureau of Investigation and the North Carolina Attorney General. (*Id.* at 1-2.) The Court declines the invitation to sanction travelingmailbox.com on this record. Plaintiff requests that the Court extend the deadline for "any items outstanding" that the Court has not received from Plaintiff by 10-14 days. Plaintiff does not appear to have missed any court deadlines, and therefore this request is denied as moot.

As a final matter, this action was brought on behalf of various unnamed parties—John Doe 1-99999 and Jane Doe 1-99999, "unidentified living descendants of Piegan/Blackfoot [I]ndian signatories to the 1855 Blackfoot Treaty." (Doc. 12 at 1.) However, "[i]t is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). As such, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from

---

[2] Judge Liburdi indicated that "the Court will not take action on this motion until Plaintiffs provide notice that Defendants have been served." (Doc. 5.) However, the request for injunction plainly fails on its face to meet (or even to attempt to meet) the *Winter* standard, and therefore there is no need to delay resolution of this motion pending service and a response from Twitter.

pursuing claims on behalf of others in a representative capacity." *Id.* Neither Robert Grodevant nor Katherine Grodevant, proceeding *pro se*, may represent the unnamed "Doe" parties, who therefore must be dismissed from this action. Furthermore, Robert Grodevant may not file anything on behalf of Katherine Grodevant, as he is not entitled to represent her. (*E.g.*, Doc. 8 at 2.)

Accordingly,

**IT IS ORDERED** that the "request for injunction" (Doc. 4) is **denied without prejudice** and the "correspondence" (Doc. 8), to the extent it is a motion, is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate the unnamed "Doe" plaintiffs.

Dated this 4th day of January, 2022.

Dominic W. Lanza
United States District Judge